IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                            CASE NO. 1:10-cr-00012-MP

ERIC D KIMBLE,

    Defendant.

_____/

## **O R D E R**

Previously, on May 19, 2010, this Court held a revocation hearing on two petitions alleging that Mr Kimble violated the conditions of his supervised release in two cases, 1:94-cr-01012-MP (Original Northern District of Florida case) and 1:10-cr-00012-MP (Northern District of Georgia case transferred to the Northern District of Florida on March 22, 2010).   Each petition alleged five violations of his supervised release.  At the outset of the hearing, Mr. Kimble, and his counsel, indicated that he would be admitting violations two through five but would be contesting violation one.

That first allegation in the petition alleged that he had committed a new offense while on supervision: Kidnaping - False Imprisonment and Robbery with a Firearm.  See Doc. 128 in 1:94-cr-01012 and Doc. 12 in 1:10-cr-00012.  The United States presented the testimony of two witnesses to establish that Mr. Kimble committed the acts described in Violation Number One of both petitions. The United States also presented documentary evidence. The Defendant presented the testimony of one live witness, three witness affidavits, and also presented documentary evidence.   The victim of the offense, Christopher Ramirez, was not called as a witness by the

government or the defense. Instead, the victim's statements were told to the Court by Detective Jeffrey Nordberg. At the close of the hearing, the Court found that defendant had committed Violation Number One in the petition. Judgment was entered May 21, 2010.

Defendant now files a motion in each case "to reconsider its findings and sentence entered on May 19, 2010 [and to] vacate its previous findings and sentence and order a new revocation hearing at which the Government will be required to produce the victim in this case, Christopher Ramirez." Doc. 138 in 1-94-cr-01012 and Doc. 18, in 1-10-cr-00012, p. 1 & p. 8. The Court concludes that the motion should be denied in part and granted in part. First, the Court denies the motion to reconsider the findings of guilt on the violations. As noted above, the defendant admitted violations two through five. Further, with regard to violation one, the defendant himself acknowledges that hearsay is admissible in this type of proceeding. In fact, in this case the defendant himself relied upon hearsay. Thus, there was nothing improper in introducing the statements of the victim through the detective on the case. Also, the defendant himself could have subpoenaed the victim as a witness, if the defendant considered the witness crucial to his position. Defendant did not choose to do so or to explain why not.

The Defendant's second complaint in his motions to reconsider is his allegation that the Court did not consider the factors in 18 U.S.C. § 3553 when sentencing Defendant for his violation of supervised release. Under 18 U.S.C. § 3583(e), a district court may, upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, revoke the term of supervised release and impose a term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a). Section 3553(a) provides that district courts imposing a sentence must first consider, inter alia, (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the

seriousness of the offense, promote respect for the law, and provide just punishment for the offense; and (4) the kinds of sentences and sentencing range established by the Guidelines, and in the case of a violation of supervised release, the applicable Guidelines or policy statements issued by the Sentencing Commission. See 18 U.S.C. § 3553(a).

In the instant case, the Defendant is correct that the Court inadvertently did not "at the time of sentencing ... state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). Under Eleventh Circuit law, re-sentencing is required so that the Court can specifically give this statement of reasons. As the Eleventh Circuit stated:

> As we held prior to Booker, "a sentencing court should-when stating its reasons for imposing a particular sentence as required by § 3553(c)-tailor its comments to show that the sentence imposed is appropriate, given the factors to be considered as set forth in § 3553(a)." United States v. Parrado, 911 F.2d 1567, 1572 (11th Cir.1990). Thus, both before and after Booker, we have disapproved the imposition of sentences with no consideration or mention of the § 3553(a) factors. See Williams, 438 F.3d at 1274 (vacating and remanding sentence for compliance with § 3553(c)(1), based on district court's failure to provide any reason for life sentence); Veteto, 920 F.2d at 824, 826-27 (remanding for compliance with § 3553(c)(1) because the trial court explained its sentence with the "truism" that the chosen punishment "seem[ed] right").
>
> However, the requirement of § 3553(c)(1) "does not mean that a sentencing court must incant the specific language used in the guidelines which applies to each reason given, nor does it mean that a court must state that a particular factor is not applicable in a particular case." Parrado, 911 F.2d at 1572 (internal quotation marks and citation omitted). Indeed, nothing in this Circuit's precedent or Booker requires the district court, in its explanation of sentence under § 3553(c)(1), to articulate its consideration of each individual § 3553(a) factor, particularly where, as here, it is obvious the court considered many of the § 3553(a) factors-again, these factors included the circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1); the seriousness of the offense, see § 3553(a)(2)(A); the kinds of sentences available, § 3553(a)(3); and the need to avoid sentencing disparity, § 3553(a)(6). See Parrado, 911 F.2d at 1573 (holding that district court adequately explained reasons for imposing life sentence and concluding, based on review of the transcript of the sentencing hearing, that "what transpired, taken together with the court's closing remarks noted above, provides a sufficient statement of the court's reasons for imposing a sentence at the top end of the range" (citing United States v. Wivell, 893 F.2d 156, 158 (8th

Cir.1990) (record of entire sentencing hearing considered in evaluating district court's reasons for imposing particular sentence; reviewing court will not rely exclusively upon court's summary statement at close of sentencing hearing))); cf. United States v. Scott, 426 F.3d 1324, 1329-30 (11th Cir. 2005) (holding, in connection with challenge to reasonableness of sentence, that district court's statement that it had considered defendant's sentencing arguments and the factors in § 3553(a) "alone is sufficient in post- Booker sentences").

U.S. v. Bonilla, 463 F.3d 1176, 1181-82 (11th Cir. 2006).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The motion to reconsider, Doc. 18, is denied in part and granted in part. The motion is denied to the extent that it challenges the finding of guilt on any of the violations. The motion is granted to the extent that the Court will reconvene a sentencing hearing so that the Court can state in open court its reasons for imposing the chosen sentence. A written statement of reasons will also be prepared at that time. As noted above, the Court will **not** be reconsidering the findings of guilt made during the May 19, 2010, hearing.

The re-sentencing will be set by separate notice.

**DONE AND ORDERED** this  *16th*  day of June, 2010

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge